ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This matter arises from a petition for consent discipline filed by respondent, Marion Dean Floyd, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Respondent represented Phyllis M. Fer-bos in connection with a personal injury claim. On March 31, 1997, respondent received $2,107.23 in partial settlement from the defendant. Respondent deposited this sum into his operating account. He did not render a contemporaneous accounting for the funds to his client, and commingled and converted the funds to his own use. On July 11, 1997, respondent received a second partial settlement check, in the amount of $2,122.23, which he also deposited into his operating account.
On the same day, respondent rendered an accounting to Ms. Ferbos for $4,229.46, the combined amount of settlement funds. However, he withheld $745.00 from the funds to pay a health care provider. A dispute arose over the money and on April 24, 1998, respondent filed a concursus proceeding to resolve the dispute.
DISCIPLINARY PROCEEDINGS
The Office of Disciplinary Counsel (“ODC”) filed a single count of formal charges against respondent, alleging he failed to maintain the disputed $745.00 in a trust account between July 11, 1997 and April 24, 1998, and also frequently deposited client funds into his operating account between March 1 and December 1, 1997, even though he had a trust account during that time.
12Prior to the formal hearing, respondent filed a petition for consent discipline, in which he admitted to the charged misconduct. Respondent proposed that he receive an eighteen month suspension, totally deferred, with two years supervised probation, with the condition that his trust account be audited on a quarterly basis, that his finances and office practices be reviewed on a quarterly basis, that he receive an additional ten hours of continuing legal education in office management and that he attend ethics school.
The ODC concurred in the petition for consent discipline petition. The ODC noted that respondent’s “bookkeeping obviously left a great deal to be desired,” but concluded the proposed consent discipline should correct these problems.

Disciplinary Board Report

The disciplinary board found respondent violated a duty owed to the public, the legal system and profession, and has engaged in negligent misconduct. It found no aggravating factors, but recognized sig *869 nificant mitigating factors, such as lack of prior discipline, inexperience in the practice of law, lack of selfish motive and cooperation with the ODC.
Accordingly, the board recommended adoption of the proposed consent discipline. The board further recommended respondent he assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court judgment until paid.
Neither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
Based on our review of the record, we find the proposed consent discipline is appropriate under these circumstances. While respondent converted and commingled client funds, he ultimately made a full accounting to his client, and any injury to the client from his actions was slight. His misconduct was due to his inexperience in handling client funds, rather than a dishonest motive. The conditions in the proposed consent discipline will serve to protect respondent’s clients and improve respondent’s ability to manage client funds.
|s Accordingly, we will accept the petition for consent discipline.
DECREE
Having considered the findings and recommendations of the disciplinary board and the record herein, it is the judgment of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that respondent be suspended from the practice of law for a period of eighteen months. This suspension shall be totally deferred, and respondent shall be placed on supervised probation for a period of two years, with the condition that his trust account be audited on a quarterly basis, that his finances and office practices be reviewed on a quarterly basis, that he receive an additional ten hours of continuing legal education in office management and that he attend ethics school. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid.

 Marcus, J. not on panel. Rule IV, Part II, § 3.